## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal No. 14-330 (JRT/JJK) |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION AND ORDER STAYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE** |
| KAINUS SCOTT, | |
| Defendant. | |

Jeffrey S. Paulsen, Assistant United States Attorney, **UNITED STATES ATTORNEY'S OFFICE**, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, for plaintiff.

Kainus Scott, Reg. No. 18242-041, Federal Correctional Complex - Allenwood, P.O. Box 3000, White Deer, PA 17887, *pro se* defendant.

Kainus Scott is currently serving a 180-month mandatory-minimum sentence, imposed pursuant to the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(1). Scott seeks to vacate the sentence under 28 U.S.C. § 2255, arguing that the Court imposed an illegal sentence because Scott's previous three convictions – two for second-degree assault and one for first-degree aggravated robbery – are not "violent felonies" for purposes of the ACCA. Scott also requests that the Court stay the proceedings in light of *United States v. Pettis*, No. 15-233, 2016 WL 5107035 (D. Minn. Sept. 19, 2016), *appeal filed*, No. 16-3988 (8ᵗʰ Cir. Oct. 20, 2016), which is currently pending with the Eighth Circuit, and which bears directly on whether a Minnesota conviction for first-degree aggravated robbery is a "violent felony" for purposes of the ACCA. In *United States v.*

*McClinton*, No. 15-252, 2017 WL 3381817 (D. Minn. Aug. 4, 2017), a similar § 2255 matter, the Court stayed proceedings pending the Eighth Circuit's decision in *Pettis*.

Although the Court will find that Scott's previous two convictions for second-degree assault are "violent felonies" for purposes of the ACCA, the Court will grant Scott's request to stay the proceedings pending the Eighth Circuit's decision in *Pettis* because the Eighth Circuit's decision might affect whether Scott's sentence comports with the ACCA.

## BACKGROUND

On February 18, 2015, Scott pleaded guilty to one count of "being an Armed Career Criminal in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1)." (Plea Agreement at 2-3, Feb. 18, 2015, Docket No. 31.) In the plea agreement, Scott acknowledged that he had two previous felony convictions for second-degree assault and one previous felony conviction for first-degree aggravated robbery. (*Id.* at 2.) No other convictions were identified that might qualify for a sentencing enhancement under the ACCA. (*Id.*; Presentence Investigation Report ("PSR") ¶¶ 38-47 (on file with the Court).) The Court sentenced Scott to 180 months of imprisonment on November 3, 2015. (Sentencing J. at 1-2, Nov. 12, 2015, Docket No. 43.)

On June 19, 2017, Scott filed a motion to vacate his sentence under 28 U.S.C. § 2255.[1] Scott argues that his current 180-month sentence is illegal because he does not

---

[1] Although Scott technically filed two motions – one hand-written and one typed – the two motions are nearly identical, and the Court will treat them as one motion. (*See* Def.'s Mot. to Vacate, June 19, 2017, Docket No. 58; Def.'s Mot. to Vacate, July 5, 2017, Docket No. 61.)

have three predicate violent felonies under the ACCA, and the maximum statutory penalty for his offense under 18 U.S.C. § 922(g)(1) is 120 months.

On July 17, 2017, Scott filed a reply, requesting that the Court stay consideration of his § 2255 motion until the Eighth Circuit decides *Pettis*. (*See* Def.'s Traverse to Gov't's Resp. at 1-2, July 17, 2017, Docket No. 63.)

## DISCUSSION

### I. SECTION 2255

Section 2255(a) permits a prisoner to move the court that sentenced him to "vacate, set aside or correct the sentence" on the grounds that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."

### II. THE ACCA

Typically, a person found guilty of being a felon in possession of a firearm may be sentenced to no more than 10 years' imprisonment. 18 U.S.C. § 924(a)(2). But if the ACCA applies, the 10-year statutory maximum is replaced by a 15-year mandatory minimum. *Id.* § 924(e)(1); *see also Descamps v. United States*, 133 S. Ct. 2276, 2282 (2013) (noting the typical statutory maximum and the ACCA's heightened mandatory minimum).

The ACCA's mandatory minimum applies when a federal defendant has at least three prior convictions, each conviction being either a "serious drug offense" or a

"violent felony." 18 U.S.C. § 924(e)(1). A felony is a "violent felony" for ACCA-purposes if it fits into one of the ACCA's two defining clauses: the felony (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another" (the "force clause"); or (2) it "is burglary, arson, or extortion, [or] involves use of explosives" (the "enumerated crimes clause"). *Id.* § 924(e)(2)(B).

## III.   SCOTT'S PRIOR CONVICTIONS

During Scott's sentencing, only three prior convictions were identified as being predicate offenses under the ACCA: two for second-degree assault, and one for first-degree aggravated robbery. (Plea Agreement at 2; Pl.'s Sentencing Mem. at 2, June 29, 2015, Docket No. 37; PSR ¶¶ 44-46.) And since the ACCA's mandatory minimum applies only if the defendant has three or more prior convictions for predicate offenses, Scott may be entitled to resentencing if any of the three convictions identified during his sentencing do not qualify as predicate offenses under the ACCA. *See* 18 U.S.C. § 924(e)(1).

### A.     Scott's Two Prior Assault Convictions

Scott has two prior felony convictions for second-degree assault, violations of Minn. Stat. § 609.222. (Plea Agreement at 2; PSR ¶¶ 44, 46.) The Court must decide whether those convictions qualify as predicate violent felonies under the ACCA.

In *United States v. Lindsey*, 827 F.3d 733 (8th Cir. 2016), the Eighth Circuit held that a Minnesota conviction for second-degree assault "qualifies as a violent felony for

ACCA purposes" because it satisfies the ACCA's force clause: "requir[ing] the use, attempted use, or threatened use of physical force against another." 827 F.3d at 740.

Scott argues that the Eighth Circuit more recently held in *United States v. Headbird*, 832 F.3d 844, 846 (8th Cir. 2016), that a Minnesota conviction for second-degree assault is **not** a predicate violent felony under the ACCA. But *Headbird* involved a portion of the ACCA different from the force clause. In *Headbird*, the conviction at issue was a juvenile adjudication for second-degree assault. 832 F.3d at 846. Under the ACCA, juvenile adjudications are treated differently than adult convictions. For a juvenile adjudication to be a predicate violent felony – in addition to satisfying the force clause or the enumerated crimes clause – the adjudication must "involv[e] the use or carrying of a firearm, knife, or destructive device." 18 U.S.C. § 924(e)(2)(B). Thus, the *Headbird* court had to decide whether a Minnesota juvenile adjudication of second-degree assault satisfied the ACCA's additional requirement for a juvenile adjudication, namely that it "involv[e] the use or carrying of a firearm, knife, or destructive device." *Id.* The Eighth Circuit held that Minnesota's second-degree assault statute "cover[s] a greater swath of conduct" than the ACCA's requirement for juvenile adjudications, and therefore that a Minnesota juvenile adjudication of second-degree assault does not qualify as a violent felony under the ACCA. *Headbird*, 832 F.3d at 849 (alteration in original) (quoting *Mathis v. United States*, 136 S. Ct. 2243, 2251 (2016)).

Here, however, Scott's assault convictions were not juvenile adjudications. (PSR ¶¶ 44, 46.) And so the ACCA's requirement that an adjudication "involv[e] the use or carrying of a firearm, knife, or destructive device" does not apply to him. 18 U.S.C.

§ 924(e)(2)(B). Therefore, the Eighth Circuit's decision in *Lindsey* is controlling, and Scott's two felony convictions for second-degree assault qualify as predicate violent felonies under the ACCA. 827 F.3d at 740; *United States v. Benjamin*, Nos. 11-294, 16-2264, 2017 WL 1067742, at *3 (D. Minn. Mar. 22, 2017).

### B.    Scott's Prior Robbery Conviction

Scott has one prior felony conviction for first-degree aggravated robbery, a violation of Minn. Stat. § 609.245. (Plea Agreement at 2; PSR ¶ 45.) The Court must decide whether that conviction qualifies as a predicate violent felony under the ACCA. "[C]ourts in [the Eighth] Circuit and in the District of Minnesota have disagreed with whether first-degree aggravated robbery categorically qualifies as a violent felony pursuant to the ACCA's force clause." *United States v. Spight*, Nos. 13-254, 16-2459, 2017 WL 947286, at *4 (D. Minn. Mar. 6, 2017) (collecting cases).

In *Pettis*, 2016 WL 5107035, at *4-5, the court held that first-degree aggravated robbery does not categorically qualify as a violent felony under the ACCA's force clause, and appeal of that decision is now pending with the Eighth Circuit. If the Eighth Circuit affirms *Pettis*, Scott may be able to show that his charge of first-degree aggravated robbery also does not categorically qualify as a violent felony under the ACCA's force clause.

"[T]he district court ha[s] the inherent power to grant [a] stay in order to control its docket, conserve judicial resources, and provide for a just determination of the cases pending before it." *Contracting Nw., Inc. v. City of Fredericksburg*, 713 F.2d 382, 387

(8ᵗʰ Cir. 1983).  Because the Eighth Circuit's upcoming decision in *Pettis* directly bears on Scott's motions, the Court finds that staying consideration of Scott's motions is in the best interests of the parties and furthers efficient use of judicial resources.  Thus, the Court will grant Scott's request to stay the proceedings pending the Eighth Circuit's decision in *Pettis*.  *See McClinton*, 2017 WL 3381817, at *3.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant's Motions to Vacate the Sentence [Docket Nos. 58 and 61] are **STAYED** pending a decision from the Eighth Circuit in *United States v. Pettis*, No. 15-233, 2016 WL 5107035 (D. Minn. Sept. 19, 2016), *appeal filed*, No. 16-3988 (8ᵗʰ Cir. Oct. 20, 2016).

DATED:  October 4, 2017                              _____s/John R. Tunheim_____
at Minneapolis, Minnesota.                              JOHN R. TUNHEIM
                                                        Chief Judge
                                                        United States District Court