# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Respondent,<br><br>v.<br><br>KAINUS SCOTT,<br><br>Petitioner. | Criminal No. 14-330 (JRT)<br><br>**MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S MOTION TO VACATE UNDER 28 U.S.C. § 2255** |

Kainus Scott, BOP Reg. No. 18242-041, FCI McDowell, P.O. Box 1009, Welch, WV 24801, *pro se*.

Craig R. Baune and Jeffrey S. Paulsen, **UNITED STATES ATTORNEY'S OFFICE**, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, for respondent.

Plaintiff Kainus Scott filed a Motion to Vacate his conviction and modify his sentence under 28 U.S.C. § 2255. Scott argues that his prior convictions for second degree assault and aggravated robbery cannot be considered predicate offenses under the Armed Career Criminal Act ("ACCA") after the Supreme Court decisions in *Mathis v. United States*, 136 S. Ct. 2243 (2016) and *Johnson v. United States*, 559 U.S. 133 (2010). Because the Court finds that Scott's prior convictions are predicate offenses under the ACCA, the Court will deny Scott's Motion to Vacate.

## BACKGROUND

On February 18, 2015, Scott pled guilty to one count of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1). (Plea Agreement, Feb. 18, 2015, Docket No. 31.) Pursuant to the written plea, Scott agreed that he had two previous felony convictions for second-degree assault under Minnesota Statutes § 609.222, and one previous felony conviction for first-degree aggravated robbery under Minnesota Statutes § 609.245, which each counted as predicate offenses under the ACCA. (Presentence Investigation Report ("PSR") at ¶¶ 3, 33, 44–46.) The Court sentenced Scott to 180 months of imprisonment on November 3, 2015, which included a sentencing enhancement under the ACCA for Scott's previous violent felony convictions. (Sentencing J. at 1–2, Nov. 12, 2015, Docket No. 43.)

In 2017, Scott filed a motion to vacate his sentence, pursuant to 28 U.S.C. § 2255. (Pro Se Mot., June 19, 2017, Docket No. 58; Pro Se Mot., July 5, 2017, Docket No. 61.)[1] Scott argued that his convictions for second-degree assault no longer qualified as predicate offenses after the Supreme Court decision in *Mathis v. United States*, 136 S. Ct. 2243 (2016) and that his conviction for first-degree aggravated robbery was no longer an ACCA predicate, pursuant to the Supreme Court's decision in *Johnson v. United States*, 559 U.S. 133 (2010).

---

[1] Scott initially filed a handwritten version of his Motion to Vacate on June 19, 2017. (Docket No. 56.) He later filed a typed version of the same motion on July 5, 2017. (Docket No. 61). The Court will cite to Docket No. 61.

On October 4, 2017, the Court affirmed that Scott's two convictions for second degree assault are predicate violent felonies, but granted Scott's request for a stay of the proceedings pending the outcome of the Eighth Circuit's decision in *United States v. Pettis*, which considered whether a Minnesota conviction for first-degree aggravated robbery qualified as an ACCA predicate offense. *United States v. Scott*, No. 14-330, 2017 WL 4443429, at *3 (D. Minn. Oct. 4, 2017) (citing *United States v. Pettis*, No. 15-233, 2016 WL 5107035 (D. Minn. Sept. 19, 2016), *vacated and remanded*, 888 F.3d 962 (8th Cir. 2018)).

In January 2018, the Eighth Circuit decided in *United States v. Libby*, that simple robbery, as defined in Minnesota Statutes § 609.24, qualifies as a categorical violent felony and predicate offense under the ACCA because it requires, at minimum, a threat of violent force. 880 F.3d 1011, 1016 (8th Cir. 2018). The Court then lifted the stay on Scott's pending § 2255 motions and ordered the parties to submit briefing addressing the application of *Libby* to Scott's motions. (Order Lifting Stay at 2, Feb. 8, 2018, Docket No. 65.) In Scott's reply, he argued that *Libby* was decided incorrectly and asked the Court to grant another stay until the time for certiorari had expired in *Libby*, and the Eighth Circuit had rendered its decision in *Pettis*. (Pet. Resp., Mar. 23, 2018, Docket No. 69.) The Court granted Scott's second request to stay consideration of his § 2255 motions. (2nd Order Granting Stay at 2, Mar. 30, 2018, Docket No. 70.)

In April 2018, the Eighth Circuit issued its decision in *United States v. Pettis*, again finding that simple robbery under Minnesota Statute § 609.24 requires violent force and qualifies as a predicate offense under the ACCA. 888 F.3d 962, 966 (8th Cir. 2018), *cert denied sub. nom.*, *Pettis v. United States*, 139 S. Ct. 1258 (2019). Because the window for certiorari has lapsed on both Eighth Circuit cases, the Court will now lift the stay and address Scott's motions on the merits.

**DISCUSSION**

**I.    STANDARD OF REVIEW**

Section 2255 provides a limited opportunity for federal prisoners to seek postconviction relief on the grounds that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack[.]" 28 U.S.C § 2255(a). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice." *Walking Eagle v. United States*, 742 F.3d 1079, 1081–82 (8th Cir. 2014) (quoting *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996)). Section 2255 motions are constrained by a one-year statute of limitations, which, as relevant here, begins to run on the date on which a right is initially recognized by the Supreme Court. 28 U.S.C. § 2255(f)(3).

## II. ANALYSIS

Since the Court's initial stay, the contours of whether state law convictions constitute violent felonies, and therefore qualify as ACCA predicate offenses, has evolved. In 2019, the Supreme Court revisited the question of the level of force required for a violent felony in *Stokeling v. United States*. 139 S. Ct. 544, 554 (2019). In *Stokeling*, the Court held that the ACCA encompassed felony convictions that involved a defendants' use of force "capable of causing pain or injury," and "sufficient to overcome a victim's resistance." *Id.* (quoting *Johnson v. United States*, 559 U.S. 133, 140 (2010)).

After *Stokeling*, the Eighth Circuit again returned to the question of whether Minnesota robbery convictions include the requisite level of force under the ACCA. Finding the Minnesota simple robbery statute "virtually indistinguishable" from the Florida statute at issue in *Stokeling*, the Eighth Circuit in *Taylor v. United States* affirmed that Minnesota simple robbery is a categorical violent felony. 926 F.3d 939, 941 (8th Cir. 2019). The Eighth Circuit has applied *Stokeling* to first-degree aggravated robbery under Minnesota Statutes § 609.245, subd. 1—the same conviction at issue in Scott's motion—finding that it too qualifies as a violent felony. *United States v. Robinson*, 925 F.3d 997, 998–99 (8th Cir. 2019); *see also United States v. Redditt*, 965 F.3d 654, 656 (8th Cir. 2020) ("[B]inding circuit precedent establishes that Minnesota first degree aggravated robbery is an indivisible offense that includes the lesser included offense of simple robbery. Thus, it is, categorically, a violent felony under the ACCA.").

Ample Eighth Circuit precedent, therefore, forecloses Scott's argument that his first-degree aggravated robbery conviction is not a violent felony.  As to Scott's two felony convictions for second-degree assault, the Eighth Circuit has not deviated from its holding in *United States v. Lindsey*, 827 F.3d 733, 740 (8th Cir. 2016), that second-degree assault under Minnesota Statute § 609.222 is an ACCA predicate offense.  *See, e.g.*, *United States v. Phillips*, 763 Fed. Appx. 589, 590 (8th Cir. 2019); *United States v. Pendleton*, 894 F.3d 978, 981 (8th Cir. 2018).

Cases interpreting the ACCA's requirements may change the laws contours further in the future but now, given the clear precedent established by the Eighth Circuit, the Court must deny Scott's motions to vacate or modify his sentence under 28 U.S.C. § 2255.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Petitioner's Motions to Vacate [Docket No. 58 and Docket No. 61] are **DENIED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED:  May 5, 2021  
at Minneapolis, Minnesota.

                                                     JOHN R. TUNHEIM  
                                        United States District Judge