**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

UNITED STATES OF AMERICA,

                                Criminal No. 14-330 (JRT)

             Plaintiff,

v.

                        **MEMORANDUM OPINION AND ORDER**
                        **DENYNG DEFENDANT'S MOTION FOR**
KAINUS SCOTT,                     **COMPASSIONATE RELEASE**

             Defendant.

---

Craig R. Baune and Katharine T. Buzicky, **UNITED STATES ATTORNEY'S OFFICE**, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, for Plaintiff.

Kainus Scott, Register No. 18242-041, FCI Allenwood, Post Office Box 2000, Whitedeer, PA 17887, *pro se* Defendant.

Defendant Kainus Scott is serving a 180-month sentence in the custody of the Bureau of Prisons after he pleaded guilty to being a felon in possession of a firearm as an armed career criminal. Scott has submitted a filing—which the Court construes as a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i)—requesting that the Court apply his First Step Act credits to reduce his sentence. After careful consideration of the record and the parties' arguments, the Court will deny Scott's motion.

## BACKGROUND

On February 18, 2015, Scott pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and 924(e)(1). (Plea Agreement, Feb. 18, 2025,

Docket No. 31.)  On November 3, 2015, the Court sentenced Scott to a 180-month term of imprisonment and five years of supervised release under the Armed Career Criminal Act.  (Sentencing J. at 1–3, Nov. 12, 2025, Docket No. 43.)

In 2017, Scott moved to vacate his sentence under 28 U.S.C. § 2255, and the Court denied the motions.  (Mem. Op. & Order Denying Mots. to Vacate at 6, May 5, 2021, Docket No. 72.)

In 2021, Scott filed a motion for compassionate release, arguing that (1) his guilty plea was invalid because it was unconstitutional; (2) the COVID-19 pandemic, together with his existing medical conditions, presented serious health risks; and (3) he was the only primary caregiver for his daughter.  (Mem. Op. & Order Denying First Mot. Compassionate Release at 4, Oct. 24, 2022, Docket No. 88.)  On October 24, 2022, the Court denied the motion on the merits. (*Id.* at 6–11.)  The Court concluded that Scott's three arguments did not present extraordinary and compelling circumstances and therefore did not justify relief. (*Id.* at 11.)  The Court also determined that "[e]ven if Scott presented an extraordinary and compelling reason . . . his release would be inconsistent" with the sentencing factors set forth in 18 U.S.C. § 3553(a). (*Id.*)  The Court found that release would "create sentencing disparities and minimize the seriousness of his crime." (*Id.* at 12.)  The Court further concluded that, in light of Scott's multiple convictions involving firearms, his release would present a danger to the public. (*Id.* at 11–12.)

On April 23, 2026, Scott submitted a letter to the Court—which the Court has construed as a motion for compassionate release[1]—alleging that (1) he was mistreated by the BOP and was subject to harsh prison conditions at FCI Terre Haute and (2) he is not receiving adequate mental health care at his current place of incarceration, FCI Allenwood. (Second Mot. for Compassionate Release at 1–3, Apr. 23, 2026, Docket No. 92.) As a result of the BOP's alleged actions, Scott requests that the Court apply his First Step Act (FSA) credits to reduce his sentence. (*Id.* at 3.)

## DISCUSSION

### I. STANDARD OF REVIEW

The First Step Act, passed in December 2018, amended the procedure for compassionate release. *See* First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5239 (codified at 18 U.S.C. § 3582(c)). The Act allows defendants, in addition to the Bureau of Prisons, to move for compassionate release. 18 U.S.C. § 3582(c)(1)(A). However, a defendant may only bring a motion "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" *Id.*

---

[1] (*See* Order, Apr. 30, 2026, Docket No. 93 (construing Scott's letter as a motion for compassionate release).)

Once a defendant's administrative remedies have been exhausted, the Court may reduce the defendant's sentence "after considering the factors set forth in section 3553(a)," if it finds that "extraordinary and compelling reasons warrant such a reduction," and that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.*; *see also* U.S.S.G. § 1B1.13(b). The defendant bears the burden of showing that compassionate release is appropriate. *United States v. Avalos Banderas*, 39 F.4th 1059, 1062 (8th Cir. 2022).

## II.    ANALYSIS

Scott argues that the Court should apply his FSA credits to reduce his sentence in light of the harsh prison conditions he experienced at FCI Terre Haute and the inadequate mental health care he has received at FCI Allenwood, where he is currently incarcerated. The Court will deny Scott's request for at least **three** reasons.[2]

**First**, Scott has not met his burden of showing that he properly exhausted his administrative remedies under 18 U.S.C. § 3582(c)(1)(A). Scott contends that he submitted a request to the warden on March 4, 2026 and received no response within the statutorily required 30-day period. (Reply at 1, June 8, 2026, Docket No. 107.) But

---

[2] The Court notes that it may not grant a request to apply FSA credits through a motion for compassionate release. Rather, a challenge to the BOP's calculation of a federal sentence must be brought through a petition for a writ of habeas corpus under 28 U.S.C. § 2241, not through a motion for compassionate release. *See United States v. Palkowitsch*, Crim. No. 19-13, 2024 WL 4880374, at *3 (D. Minn. Nov. 25, 2024) ("[T]he proper vehicle to challenge the BOP's calculation of a federal sentence is a writ of habeas corpus, not a motion for compassionate release.").

the Government asserts that "Scott did not submit evidence of a request to [the] BOP for compassionate release with his letter" and that "[t]he government queried [the] BOP and learned the only request by Scott for compassionate release in its records dates to 2021 and has no relation to the issues raised in Scott's new letter." (Gov't's Resp. in Opp. at 4, May 29, 2026, Docket No. 101.)  Although Scott asserts that he exhausted his administrative remedies, the current record does not provide evidence sufficient for the Court to determine that the exhaustion requirement has been satisfied.  Because Scott bears the burden of establishing his eligibility for compassionate release, the Court concludes that he has failed to meet that burden on the issue of administrative exhaustion.  *See Avalos Banderas*, 39 F.4th at 1062.

**Second**, even if Scott demonstrated that he had exhausted his administrative remedies, he has failed to show that "extraordinary and compelling reasons warrant" a sentencing reduction.  *See* 18 U.S.C. § 3582(c)(1)(A)(i).  Regarding Scott's allegations of abuse, he has failed to show—let alone allege—that he was a victim of "physical abuse" that resulted in "serious bodily injury" and that such "misconduct [was] established by a conviction in a criminal case, a finding or admission of liability in a civil case, or a finding in an administrative proceeding[.]  U.S.S.G. § 1B1.13(b)(4).  Regarding Scott's allegations of lack of adequate mental health care, Scott has failed to demonstrate that he is "suffering from a medical condition that requires long-term or specialized medical care that is not being provided **and** without which [he] is at risk of serious deterioration in

health or death." *Id.* § 1B1.13(b)(1)(C) (emphasis added). Although the Court is sympathetic to Scott's difficulties in prison and his struggles with mental health, those circumstances—at least on the record before the Court—do not constitute extraordinary and compelling reasons warranting a sentence reduction.

**Third**, even if Scott had shown an extraordinary and compelling reason, release would still be inappropriate in light of the § 3553(a) sentencing factors which include the nature and circumstances of the offense, the defendant's history and characteristics, the need to promote respect for the law, and the need to protect the public. 18 U.S.C. § 3553(a); *see also id.* § 3582(c)(1)(A) (requiring consideration of the § 3553(a) factors). As previously noted by the Court, Scott has a significant history of violent criminal conduct, which includes multiple convictions for violent offenses, and therefore, the Court again finds that the sentence is necessary to protect the public from further criminal conduct. (*See* Mem. Op. & Order Denying First Mot. Compassionate Release at 11.) The Court also finds that Scott's sentence continues to reflect the seriousness of the offense, and additionally, a sentence reduction would create unwarranted sentencing disparities, as Scott was sentenced to the mandatory minimum for his conviction. (*See* Statement of Reasons at 3, Nov. 12, 2025, Docket No. 44.) The Court therefore finds that the § 3553(a) factors still weigh against release.

Accordingly, the Court will deny Scott's motion for compassionate release.

-7-

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS**

**HEREBY ORDERED** that Defendant Kainus Scott's Pro Se Motion for Compassionate

Release (Docket No. [92]) is **DENIED**.

DATED:  August 13, 2026                                     _____/s/ John R. Tunheim_____
at Minneapolis, Minnesota.                                  JOHN R. TUNHEIM
                                                            United States District Judge